## JOHN C. REISTER *vs.* DAVID HEMPHILL.

At the general election held in June, 1868, C. was elected Clerk of the Court of Common Pleas for Chester, for the term of four years. He died, and in March, 1870, the Circuit Judge appointed H. as Clerk for the unexpired term of C. Under the Act approved March 1, 1870, an election was held in October, 1870, to fill the vacancy, and R. was elected: *Held*, That R. was entitled to the office for the unexpired term.

By the Constitution of the State, no one can hold the office of Clerk of the Court of Common Pleas, unless he be elected thereto by the voters of the County.

A person appointed otherwise than as the Constitution directs to fill a vacancy in the office of Clerk of the Court of Common Pleas is not a Clerk in the constitutional sense of the term, but merely a person placed in the position of Clerk, with authority to discharge his duties.

The Constitution being silent on the subject, the Legislature may provide by law for elections to fill vacancies in the offices of Clerks of the Courts of Common Pleas.

Case agreed upon in a controversy submitted to the Supreme Court without action.

The case agreed upon is as follows:

" John C. Reister claims to have been duly elected, according to law, to the office of Clerk of the Court of Common Pleas, for the County of Chester, in the said State, and to be entitled to enter forthwith upon the possession and exercise of said office.

" David Hemphill resists said claim.

" The following are the facts upon which the said controversy depends:

" W. M. Chambers was elected to the office of the Clerk of the Court for said County, at the election held on the second and third days of June, 1868.

" On the fourteenth day of March, 1870, the said Chambers died.

" On the 24th day of March, 1870, upon proceedings by "information," filed by the Solicitor of the Circuit, suggesting the vacancy in the office of Clerk of the Court, David Hemphill, Esq., defendant herein, was appointed to fill the said office, by order of Hon. W. M. Thomas, Judge of the Sixth Circuit, "for the unexpired term, as Clerk, of said William M. Chambers, deceased." This appointment was based upon the provisions of Section 33 of the Code.

" David Hemphill subsequently became duly qualified, and entered upon the office aforesaid.

" At the general election, held in said State, on the 19th day of

October, 1870, under the proclamation of the Governor, an election took place for the office of Clerk of said County.

"John C. Reister, at said election, received a majority of all the votes cast for said office, and was declared duly elected thereto by the Board of State Canvassers.

"On the fifth day of December, 1870, the said Reister having been duly qualified for the said office, made demand upon the said Hemphill for the possession of said office, and the demand was refused by said Hemphill.

"The question submitted to the Court is as follows:

"Had the Circuit Judge authority to appoint said Hemphill for the unexpired term of said William M. Chambers?

"If the question submitted be answered in the affirmative, judgment is to be rendered in favor of the defendant; if in the negative, in favor of the plaintiff."

*Chamberlain,* for plaintiff:

I. The following citations embrace the provisions of law which seem to bear upon the present case:

(*a*) "There shall be elected in each County, by the electors thereof, one Clerk for the Court of Common Pleas, who shall hold his office for the term of four years, and until his successor shall be elected and qualified."—Const., 1868, Art. IV., Sec. 27.

(*b*) "There shall be a general election for the election of the various County officers (elective,) held in each County on the third Wednesday of October, Anno Domini one thousand eight hundred and seventy; and on the same day in every second year thereafter, the officers otherwise provided for in the Constitution of the State excepted."—Acts 1869–'70, p. 338, Sec. 1.

(*c*) "The general elections in this State shall be held, pursuant to the Constitution thereof, on the third Wednesday in October, eighteen hundred and seventy, and forever thereafter on the same day in every second year."—Acts 1869–'70, p. 393, Sec. 1.

(*d*) "At each general election suitable persons shall be chosen to fill any vacancy in any elective office in any County, of which at least fifteen days' previous notice shall be given by the proclamation of the Governor."—Acts 1869–'70, p. 397, Sec. 38.

II. The following is the provision of law under which it is claimed that the Circuit Judge had authority to appoint the defendant, "for the unexpired term, as Clerk, of Chambers, deceased :"

(*a*) "The Clerk elected in each County under the provisions of

Section 27 of Article IV of the Constitution, shall be Clerk of the Courts of General Sessions and Common Pleas, &c.;     *     * and in case no Clerk exists, the Judge shall have authority to appoint a person who shall perform the duties of Clerk; and said Deputy Clerk, or the one appointed by the Judge, shall be required to give the usual bond before entering upon the duties of the office."— Acts Sp. Sess. 1868, p. 10, Sec. 17.

(b) Section 33 of the Code, referred to in the brief as furnishing the basis of the order of the Circuit Judge, is a literal repetition of the foregoing Section of the Act of 1868.

From the citations now presented, and the facts admitted in the brief, the following conclusions arise:

1. That the full term of office for the Clerk is fixed by the Constitution at four years.

2. That William M. Chambers was duly elected in June, 1868, for a full term.

3. That in March, 1870, he died.

4. That the vacancy was filled by the appointment, by the Circuit Judge, of the defendant, according to the terms of the order, "for the unexpired term, as Clerk, of said William M. Chambers."

5. That by the Act of 1869-'70, in force at the date of the death of Chambers, an election had been ordered for the various County officers (elective), on the third Wednesday in October, 1870.

6. That subsequently, but during the same session, it was further provided, in the general election law already cited, that at the general election of October, 1870, all vacancies in elective offices in the several Counties should be filled.

7. That at the general election of October, 1870, the plaintiff was duly elected, under the provisions of law already cited, to the office of Clerk, and that he has since become qualified for the office, and has demanded the same.

The simple question which now meets us is: Had the Circuit Judge the authority, under Section 33 of the Code, to fill this vacancy for the remainder of the term, so as to preclude the Legislature from lawfully filling the vacancy by election.

This is a new phase of a question which has often been brought before this Court. It is, essentially, the old question of the right of an officer, elected by the people, to continue to hold his office against the will and in defiance of the commands of the people who elected him.

The position taken by this defendant seems to be far weaker than

the position heretofore taken by those who dispute the power of the Legislature to abridge a term of office once conferred. Heretofore the claim has been limited to the party actually elected.

In the present instance the claim seems to be not merely that Chambers would have been entitled to the full four years, had he lived, but that the term survived him and remained intact, enuring to the person whom the Circuit Judge might designate as his successor. This seems to be a novel, as well as extravagant, claim ; for it is pretended that Section 33 of the Code, *in terms,* authorizes the Circuit Judge to fill the vacancy *for the unexpired term,* but the claim must be, if anything, that it results, *by operation of law,* that the term of office of Chambers survived him, and could be disposed of by the Judge, for the full term.

It is not deemed necessary to cite authorities upon the general question herein involved. The frequent arguments heretofore addressed to this Court, and the full and elaborate decisions already rendered, are more than sufficient to govern the present case.

We understand this Court to have held distinctly, particularly in *Alexander* vs. *McKenzie,* heard at the April Term, 1870, that an office, according to the American idea and law, is a "*revocable agency,*" revocable at the pleasure of those who conferred the office, except in such cases as may have been specially provided for in the *organic* law of the State or nation ; that the question, therefore, is : "Has the agency or office been revoked by a distinct act or expression of revocation by competent authority ?"

It cannot be claimed that there is any doubt as to the intent or meaning of the law authorizing the election of a person to fill the vacancy in the office of Clerk for Chester County.

It is admitted that the plaintiff was, *in point of fact,* duly elected under the authority of the Act of the Legislature.

The agency conferred originally for four years upon Chambers, and continued, through the order of the Circuit Judge, to Hemphill, has now been revoked expressly by two Acts of the Legislature, and has been conferred upon Reister.

What element is wanting to complete the title of Reister ?

The old agency is withdrawn, by death, from Chambers, and by Act of the Legislature, from Hemphill; and a new agency has been conferred upon Reister.

In *Alexander* vs. *McKenzie,* which may be regarded as the leading case on this question, it is said : "Political powers always enure to the beneficial use of the political community, as such, ex-

clusively, and never to the exclusive use of private persons. This results from the fact that government exists for the common benefit, and its powers cannot be appropriated to the exclusive use of individuals, except by violence destructive of its principles. It, therefore, follows that political powers are revocable at the will of the government communicating them."

In support of this doctrine the Court cite *Butler* vs. *Pennsylvania*, 10 Howard, 402; 1 Parsons on Cont., 530; *Dartmouth College* vs. *Woodward*, 4 Wheat., 518; *East Hartford* vs. *Hartford Bridge Company*, 10 How., 511; *People* vs. *Morris*, 12 Wend., 325; *Girard* vs. *Pennsylvania*, 7 Wall., 1.

The Court then says: "It is clear, therefore, that the Legislature have full authority to withdraw from the defendants their powers as Mayor and Aldermen, in any mode that might seem most advisable, and it only remains to be seen whether they have, in fact, done so."

It is believed that the foregoing considerations are a sufficient argument to establish the claim herein made by the plaintiff, and that it is wholly unnecessary to burden the Court with numerous citations of authorities which might be presented if the questions involved were new or doubtful.

The question remains: Was there a vacancy in the office of Clerk at the time of the election in October, 1870?

The Acts of 1868–'70, already cited, authorized the filling of all *vacancies* at the October election. If no vacancy existed at that time, then the election of Reister would be nugatory, so far, at least, as this defendant is concerned.

It is submitted that Section 33 of the Code cannot be construed as conferring authority upon the Circuit Judge to do more than to *temporarily* fill the vacancy until it should be permanently filled by an election.

As already observed, Section 33, *in terms*, simply authorizes the appointment "in case no Clerk exists." It is, therefore, *by inference* merely that the claim, now made, that the Judge was authorized to appoint "for the unexpired term," can be maintained.

It is submitted that this is an unwarranted inference. A power so clearly and peculiarly belonging to the Legislature cannot be held to have been surrendered *by implication*, especially when such implication is so far from being a necessary or irresistible implication. The grant of power to the Judge must be construed strictly upon the principle that the Legislature cannot be presumed, in the

absence of express words, to have intended to fill an elective office by appointment, except until such time as the office could be filled by an election.

If, therefore, the authority of the Judge is limited, by a proper construction of Section 33, to the temporary appointment of a person to perform the duties of Clerk, it follows that, as regards the action of the Legislature, there was a vacancy in the office of Clerk at the date of the election in October, 1870.

The expression of the legislative will to fill such a vacancy at that election seems too clear for argument, and the fact of Reister's election to fill the vacancy, if vacancy there was, is admitted.

There are one or two cases in our State Reports which might seem, at first view, to sanction the doctrine that no vacancy existed at the time of the election of Reister ; but it is submitted that a closer examination of those cases will disclose the true doctrine to be in harmony with the views presented for the plaintiff:

1. *State* vs. *Hutson,* 1 McCord, (Law,) 241. In this case, the Constitution had made no provision as to the mode of appointing Ordinaries, but had fixed the tenure of office "during good behavior." It was held that, in this case, the tenure being constitutional, that is, fixed by the Constitution, could not be abridged by the Act of the Legislature. Hence the mode of appointment being regulated, not by the Constitution, but by the Act of 1815, the person appointed under that Act held his office, under the Constitution, " during good behavior."

2. *State* vs. *McClintock,* 1 McCord, (Law,) 247. In this case it was held that a Sheriff appointed by the Governor to fill a vacancy "until an election should take place," is in office *under the Constitution,* and holds for four years—the full term.

In this case, also, the Constitution was silent as to the mode of appointment, and, therefore, it was held that an appointment once made, according to the Act of 1808, by the Governor, carried with it the right to hold, under the Constitution, for a full term.

The two cases now cited, which are the strongest in favor of the defendant in our Reports, are plainly distinguishable, in principle and fact, from the present case.

In our case the Constitution not only fixes the *tenure,* but also the *mode of appointment,* providing, in the same Section, both the tenure and the mode.

What we claim is this, that the Constitution must be respected *in both particulars.*

In other words, that any mode of appointment, other than the constitutional one, of an election by the people, must, from the nature of the case, and in deference to the constitutional mode, be regarded *as merely temporary*—to be continued until the office should be filled in the constitutional mode.

Under this view, which seems to be sustained, rather than controverted, by the two cases last cited, the appointment of this defendant must be held to be temporary only, and the conclusion is that a vacancy did exist at the time of Reister's election.

The case of *Alexander* vs. *McKenzie*, already cited, is equally conclusive upon the question of the time when this plaintiff is entitled to enter upon his office. The doctrine of that case is briefly this: That in the absence of any special provision as to the time when the right to an office commences, the rule of law is that it commences whenever the party designated or elected shall become qualified and demand the office.

Reister having been qualified, and having demanded the office, is entitled to take immediate possession.

*Carroll, Melton,* for defendant:

I. The election of W. M. Chambers, in June, 1868, was for the constitutional term of " four years, and until his successor shall be elected and qualified.

1. The provision of the Constitution, Art. IV., § 27.

2. The election in June, 1868, was in pursuance of an Ordinance of the Convention, passed March 7, 1868, providing " for the election of all County officers required by the Constitution to be elected by the people." See Ordinance, published with the Constitution, page 32, § 7.

II. The death of the incumbent, in March, 1870, created a vacancy, which could only be filled in such way as the law provided. The appointment of the defendant to this vacancy was made in pursuance of law.

1. The Constitution makes no provision for the filling of a vacancy.

2. The Act of February 28, 1870, (14 Stat., 374,) entitled " An Act to provide for the filling of vacancies in County offices," provides for an appointment by the Governor, provided the unexpired term does not exceed one year. In this case the unexpired term exceeded two years.

3. Section 33 of the Code provides that, " in case no Clerk exists, the Judge shall have authority to appoint a person, who shall perform the duties of Clerk, and   *   *   the one appointed by the Judge shall be required to give the usual bond before entering upon the duties of the office."

4. This Section of the Code is identical with § 17 of " An Act to organize the Circuit Courts," passed August 20, 1860.   See Acts of 1868, p. 10.   The re-enactment of this provision in the Code would indicate that it was well considered.

III.  There is, by law, imposed no express limit upon the term of the appointee.   It must, therefore, be referred to the " unexpired term " with reference to which it was made. . The appointment by the Circuit Judge is in terms so expressed, and must so operate, unless contrary to law.

1. The constitutional term is not limited to the continuance in office of the person elected, but to a fixed term of years.   The term continues, although the incumbent should die.   In this connection see *People* vs. *Green*, 2 Wendell, 272, and *Coutant* vs. *People*, 11 Wendell, 132; same case, 11 Wendell, 512.

2. The words " in case no Clerk exists " are expressive of any vacancy which results from the non-existence of a Clerk.

3. An appointment to the vacancy in a term necessarily implies an appointment to the full unexpired term, unless it be otherwise restricted by law.

4. The requirement that the appointee should give the " usual bond," indicates that the appointment was intended to be permanent; and not that of a mere *locum tenens*.

5. The order of appointment by the Circuit Judge is " for the unexpired term, as Clerk, of W. M. Chambers."   This appointment, unless it was unauthorized, must be considered to have conferred the office for the full unexpired term.   There is no restriction upon the Judge's power to appoint.

IV.  The election in October, 1870, for the office of Clerk of the Court, for Chester, was without warrant of law.   It was not authorized by the Act of February 14, 1870, entitled " An Act to provide for a general election of County officers."

1. The only Acts which are relied upon as warranting this election are the Acts of February 14, 1870, No. 234, 14 Stat., 338, and of March 1, 1870, No. 284, § 38, 14 Stat., 397.

2. The election was not authorized by the Act of February 14, 1870.   It is not within the purview of that Act to create or to fill

vacancies, or to supersede by election - the appointment to vacancies.

3. The purpose of the Act is manifest: Certain County officers had been elected in June, 1868, for four years, and others for two years; the intention was to make the subsequent elections to occur at the time of the general elections in October. As to Clerk, see Art. IV, § 27; as to Sheriffs and Coroners, Art. IV, § 30; as to County Commissioners, Art. IV, § 19; as to School Commissioner, Art. X, § 2; as to Solicitors, Art. IV, § 29.

4. To this end, by Section 2 of the Act, all incumbents were continued in office until their successors should be elected at this general election.

5. The exception in the Act as to "officers otherwise provided for in the Constitution," imports that the Act shall not operate to require the biennial election of those officers whose terms of office are otherwise provided for in the Constitution.

6. This construction of the Act is a reasonable one; it preserves the consistency of the Act with other cotemporaneous legislation; it meets the obvious purpose of the Act, and relieves it from any conflict with the Constitution.

7. Any other construction would have operated to vacate the terms of all Clerks and other officers throughout the State who had been elected for four years, and to require their election biennially.

8. The Clerk of the Court, being an officer whose term is provided for in the Constitution otherwise than as provided for in this Act, his office was excepted from the number of those for which an election was required to be held in October, 1870.

V. The election in October, 1870, to the office of Clerk of the Court, for Chester, was not authorized by the Act of March 1, 1870.

1. This Act, § 38, provides, that "at each general election suitable persons shall be chosen to fill any vacancy in any elective office in any County, of which at least fifteen days' notice shall be given by the proclamation of the Governor."

2. This Act does not apply, for the reason that in the office of the Clerk of the Court, for Chester, there was no vacancy at the time of the general election in October, 1870; or at the time the Governor's proclamation was issued.

3. An office is not vacant when there is any one authorized to act, and who is acting.—*Tappan* vs. *Gray*, 9 Paige, 507; *People* vs.

*Van Horne,* 18 Wendell, 518; *Johnson* vs. *Wilson,* 2 N. H., 202; *State* vs. *McClintock,* 1 McCord, L., *246.

4. It was competent for the Legislature to have declared 'that every appointment to an elective office should be vacated by the election of a successor at the next ensuing general election; but the law is not so declared.

5. This Act is reasonably construed to apply only to those cases of vacancy in reference to which no power of appointment was otherwise given, or in reference to which the power of appointment had not been exercised.

6. The Act of March 1, 1870, called "The Code," under Section 33 of which the appointment of defendant was made, was cotemporaneous with the Act now under consideration. These must be construed together, and the one cannot be assumed to have been intended to supersede the other.

VI. The vacancy having in this case been filled by an authorized appointment, the election in October, 1870, was unauthorized by law. If valid as an election to the succession, it cannot operate to abridge the term of the appointee; but can take effect only at the expiration of the present term.

April 18, 1871.   The opinion of the Court was delivered by

WRIGHT, A. J.   In case there is a vacancy in the office of Clerk of the Court of General Sessions and Common Pleas, and the Judge of such Courts shall appoint a person to perform the duties of Clerk, is it competent for the General Assembly to terminate such appointment by providing by law for an election of a Clerk to fill such vacancy?

Section 27 of Article IV of the Constitution of 1868 is as follows: " There shall be elected in each County, by the electors thereof, one Clerk for the Court of Common Pleas, who shall hold his office for the term of four years, and until his successor shall be elected and qualified.   He shall, by virtue of his office, be Clerk of all other Courts of record held therein; but the General Assembly may provide by law for the election of a Clerk, with a like term of office, for each or any other of the Courts of record, and may authorize the Judge of the Probate Court to perform the duties of Clerk for his Court under such regulations as the General Assembly may direct. Clerks of Courts shall be removed for such causes and in such manner as shall be prescribed by law."

It is clear that, according to the Section of the Constitution just quoted, no person can be a Clerk of the Court of Common Pleas, (or any other Court of record not otherwise provided for in the Constitution,) unless such a person be elected by the electors.

The term of office for Clerk of Court, as fixed by the Constitution, is four years.

Where the organic law fixes the term of office it is not in the power of the Legislature, by *an Act*, to change that term.

The term will continue, though the office may be vacant.—*The People* ys. *Green*, 2 Wendell, 270, 272; *The People* vs. *Coutant*, 11 Wendell, 132. But in case the organic law does not provide for filling of vacancies, the Legislature has the power to supply such vacancies in such manner as it may by law direct.

If a person be chosen to fill a vacancy in the office of Clerk of the Court otherwise than as the Constitution directs, such a person is not a Clerk of Court in the sense of the Constitution, but is simply placed in that position to perform the duties of a Clerk.

This, we believe, was the view the General Assembly took when they passed Section 17 of an Act approved the 20th day of August, 1868, which is as follows: "The Clerk elected in each County, under the provisions of Section 27 of Art. IV of the Constitution, shall be Clerk of the Courts of General Sessions and Common Pleas; and may appoint a Deputy who may perform the duties of Clerk, for whose acts such Clerk shall be responsible, and a record of whose appointment shall be made in the Clerk's office; and such appointment may be revoked at the pleasure of the Clerk; and in case no Clerk exists, the Judge shall have authority to appoint a person who shall perform the duties of Clerk, and said Deputy Clerk, or the one appointed by the Judge, shall be required to give the usual bond before entering upon the duties of the office."

This Act gives the Clerk of the Court of General Sessions and Common Pleas the power to appoint a Deputy Clerk who may perform the duties of Clerk, and such appointment the Clerk may revoke *ad libitum;* but in case there be no Clerk, then the Judge, under the Act above quoted, has the power to appoint a Deputy or a person to perform the duties of Clerk; and such person, though required to give the usual bond of a Clerk, is not a Clerk, neither is he an officer under the Constitution of 1868, unless he be required to take and subscribe the oath of office as prescribed by Sec. 30, Art. II, of said Constitution, which declares that "all officers, before they enter upon the exercise of the duties of their

respective offices, shall take and subscribe" the oath therein designated.

Deputy Clerks are not required by law to take and subscribe the oath of office prescribed by the Constitution, and if they were, they would only be deputies, and not Clerks, as designated by the Constitution.

According to the Act of the General Assembly already referred to, Clerks of the Courts of General Sessions and Common Pleas have the power to make temporary appointments of deputies, and it is neither the letter nor the spirit of the Act to confer any greater power upon the Judges of such Courts.

It matters not, however, whether the appointment made by the Judge in this case was temporary or otherwise, as the office of the Clerk of the Court of General Sessions and Common Pleas cannot be filled by appointment.

In this case it appears that one William M. Chambers was elected Clerk of the Courts of General Sessions and Common Pleas for Chester County for a full term, and that the said Chambers died in March, 1870; that the Circuit Judge, by an order, appointed the defendant to perform the duties of Clerk for the unexpired term occasioned by the death of the said William M. Chambers; that by an Act of the General Assembly, approved March 1, 1870, all vacancies in "any elective office in any County, of which at least fifteen days' previous notice shall be given by the proclamation of the Governor," were to be filled.

The Act of the General Assembly was complied with, and John C. Reister duly elected on the 19th day of October, 1870, to fill the vacancy in the office of Clerk of the Court for said County.

The judgment of the Court, as heretofore entered, is as follows:

The above named parties having agreed upon a case, and having submitted the same to this Court without action, whereby the following question is submitted to the Court, viz: Had the Circuit Judge authority to appoint said Hemphill for the unexpired term of the said William M. Chambers? and it being stipulated and agreed that, if the questions so submitted be answered in the affirmative, judgment is to be rendered in favor of the defendant, and, if in the negative, in favor of the plaintiff; and after hearing the counsel for the respective parties, plaintiff and defendant, and due deliberation being had thereon, it appears to the Court that the Circuit Judge had not authority to appoint said Hemphill for the unexpired term of the said William M. Chambers.

Wherefore it is adjudged that the said plaintiff is entitled to the office of Clerk of the Court of General Sessions and Common Pleas for the County of Chester, and that the said defendant, David Hemphill, do forthwith deliver and surrender to the said plaintiff, John C. Reister, the said office, and all property, books and papers thereunto appertaining.

*Moses,* C. J., and *Willard,* A. J., concurred.